# United States District Court

| | |
|---|---|
| District | Of Massachusetts |
| Name: Gus Swafford | Prisoner No. W-70302 | Case No. |

**Place of Confinement**

M.C.I. Cedar Junction

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| Gus Swafford | V. David Nolan, Superintendent |

05-10597

*Referred to MJ RB Collins*

The Attorney General of the State of: Thomas F. Reilly

## PETITION

1. Name and location of court which entered the judgment of conviction under attack  **Suffolk County Superior Court**

2. Date of judgment of conviction  **December 19, 2001**

3. Length of sentence  **First Degree Life and 18-20 years concurrent**

4. Nature of offense involved (all counts)  **MGL c.265, §1 First degree murder and c. 265 §18 Assault with intent to murder**

5. What was your plea? (Check one)
   (a) Not guilty  ☒
   (b) Guilty  ☐
   (c) Nolo contendere  ☐

   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ☒
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒   No ☐

(2)

9. If you did appeal, answer the following:

   (a) Name of court  Supreme Judicial Court

   (b) Result  Conviction Affirmed

   (c) Date of result and citation, if known  Com.V. Swafford 441 mass 329 March 30, 2004

   (d) Grounds raised  Prior Bad acts gang eviedence, erroneously admitted expert opini -on, erroneous discharge of a deliberating juror and improper closing argument focusing on prejudicial gang evidence.

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court _____

   (2) Result _____

   (3) Date of result and citation, if known _____

   (4) Grounds raised _____

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court _____

   (2) Result _____

   (3) Date of result and citation, if known _____

   (4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☐    No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

(3)

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐        No ☐

    (5) Result _____

    (6) Date of result _____

(b) As to any second petition, application or motion give the same information:

    (1) Name of court _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐        No ☐

    (5) Result _____

    (6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
    (1) First petition, etc.        Yes ☐        No ☐
    (2) Second petition, etc.      Yes ☐        No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
    Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A. Ground one: See Attached Ground One

Supporting FACTS (state *briefly* without citing cases or law)   See Attached Facts

B. Ground two: See Attached Facts Two

Supporting FACTS (state *briefly* without citing cases or law)   See Attached Facts

(5)

12A) **GROUND ONE: PETITIONER'S FOURTEENTH AMENDMENT RIGHT TO A FUNDAMENTALLY FAIR TRIAL WAS VIOLATED BY CUMULATIVE ERRORS CONCERNING FOUNDATIONLESS, UNQUALIFIED AND PREJUDICIAL POLICE EXPERT TESTIMONY n.1/ AND A MASSIVE AMOUNT OF UNRELIABLE, IRRELEVANT AND PREJUDICIAL GANG BAD ACTS EVIDENCE n.2/**

**FACTS SUPPORTING GROUND ONE:**

Petititioner's defense counsel and his co-defendant's defense counsel argued extensively for exclusion of Detective Paul Murphy's highly prejudicial gang evidence testimony at November,6 2001 hearing and that transcript should be filed by respondent's counsel in addition to the full trial transcript, pursuant to rule 5 of the rules governing 28 usc § 2254 cases. Petitioner's State Supreme judicial court brief(pages 17 thru 24,37) and his co-defendant's brief arguments he adopted, presented a federal Fourteenth Amendment violation of a fundamentally fair trial based on the state court erroneously allowing jurors to hear and consider such unreliable,irrelevant and prejudicial evidence as well as the unqualified and foundation less opinion testimony of Detective Murphy,id.n.3/

Trial defense counsel made timely objection (6:37-40)to the gang evidence (6:36-64) n.4/which included the Theodore Street Posse being mentioned fourteen times, Gus Swafford's association with a gang or gang members being mentioned sixteen times, in addition to seven pictures of alleged gang members with Gus Swafford being introduced with four photographs of graffiti in the area of Theodore and Morton Streets marked "**TSP**"which the prosecutor had officer Murphy circle with a

---

n.1/ Cooper V. Sowders,837 F2d 284,286-288(6th Cir 1988) (Habeas Corpus relief granted on state court erroneously admitting police officers opinion testimony)
n.2/Blackmon V. Booker,312 F.Supp2d 874,883-888(ED Mich 2004) (Habeas Corpus relief granted on"Schoolcraft Boys" gang evidence erroneously admitted into evidence in state trial)citing Dawson V. Delaware,503 US 159,165 (1992);Accord, UNITED STATES V.IRVIN, 87 F3d 860,864-865 n.4(7th Cir 1996) ("**The missing link between the gang and the criminal activity at issue distinguishes this case from other cases where gang evidence has been found admissible for the purpose of establishing a joint venture**");UNITED STATES V. ROARK,924 F2d 1426,1434(8th Cir 1991) ("**The governments attempt to tie appellants guilt directly to his association with the Hells Angel's Motorcycle Club constitutes reversible error'**);UNITED STATES V. ELKINS, 70 F3d 81,83-84 (10th Cir 1995).

blue magic marker (6:40-64).

In relation there to, the State Court made a clearly erroneous factual finding that "the defendants conceeded the officer's qualifications and objected only to the relevance of the gang evidence," <u>Commonwealth v. Swafford</u>, 805 NE2d 931,935, 441 mass 329,333-334(2004) where the true record reflects petitioner's Attorney Sack objected first to gang characteristic opinion testimony (6:37) then adopted both the opinion evidence and relevence challenge with all November 6, 2001, pre-trial hearing challenges with the trial sidebar statement of "Mr.Sack by the way, I join in on the objection, the last objection and the standing objection" (6:40) Nothing in the record supports a finding that Attorney Sack conceeded expert qualifications so the State Court decision is not entitled to any federal presumption of correctness.

During the pre-trial motion hearing Officer Murphy admitted to the lack of foundation for his testimony by stating he did not know who founded, when it was started, if it had an initialcon ritual or whether the Theodore Street Posse still existed [11-6-01 tr,pages 156-170]. Murphy also admitted that he did not know when petitioner Swafford was initiated into the Theodore Street Posse and that it was only his opinion that petitioner was a member of that gang(11-6-01 tr.pages 170-174). Murphy also did not know who put up the "T.S.P" graffiti in the area,<u>id</u>.

---

n.3/Petitioner mentions the opening statment of the prosecutor who argued "and there will be evidence, and I will prove to you that <u>these two individuals</u>, the defendant Gus Swafford and the defendant Ricardo Gittens, <u>were members</u> of that group, of that association, <u>of that gang</u>"(5:57) and detailed "Theodore Street Posse" evidence (5:57-59) to assist this court in it's federal Law analysis of prejudicial evidence infecting the entire trial.
n.4/ Following Murphy, gang unit officer Peter Cabrera (6:71) pointed out circled areas on photograph's (6:72-74) and the photographs were shown to the jury again over defense objection (7:26-29) Cabrera testified to seeing petitioner in the area of Theodore and Morton Streets (6:72-74) and petitioner's address was 24 Theodore Street according to Boston Police officer Wayne Lancaster (6:124).

The motion hearing transcript also reflects petitioner's counsel joining in his co-defendant's attorneys specific objection which stated "I don't believe that this individual is an expert either on any gang"(11-6-01 tr.pages 180-181,192) followed by both attorney,s objecting to the irrelevant gang evidence being unduly prejudicial (7-10-01 tr.page 10) **n.5/**

---

**n.5/** Petitioner's challenges the limiting instructions which were not given until the day after the evidence was admitted (7:7-8), the final confusing instruction (15:131-132) and gang evidence instruction (15:82-84) with the prosecutor's improper gang warfare and gang focus closing arguments (15:43,46-52) in Ground Three of this petition with interrelated claims of ineffective assistance of trial and direct appeal counsel for which a stay is sought to exhaust State remedies through a new trial motion.
Notice of future Amendment to include the substantive merits of such Ground Three claims within Ground One is hereby given.

## GROUND TWO:PETITIONERS SIXTH AND FOURTEENTH AMENDMENTS RIGHTS WERE VIOLATED BY THE STATE COURT'S FAILURE TO OBSERVE REQUIRED PROCEDURAL STANDARDS AND DISMISSING A DELIBERATING JUROR n.6/

**FACTS SUPPORTING GROUND TWO:**

With respect to the erroneous dismissal of a deliber-ating juror, petitioners state appeal brief pages 25-29, adopted his co-defendant's appeal brief argument section two [ computer disk printout pages 31-42 counsel's typed copy lists as pages 24-34] ,and Petitioner incorporates herein by reference all facts from both briefs on this Ground Two claim since they were allowed to be adopted in State Court pursuant to mass.App.P.Rule 16 (j).

---

n.6/ PEEK V. KEMP,784 F2d 1479(11th cir 1986);UNITED STATES V. LAMB, 529 F2d 1153 (9th cir 1975).

12C) **GROUND THREE: PETITIONER'S SIXTH AND FOURTEENTH AMENDMENT RIGHTS WERE VIOLATED BY INEFFECTIVE TRIAL AND APPELLATE COUNSEL'S FAILURE TO OBJECT TO AND PROPERLY BRIEF MERITORIOUS CHALLENGES TO UNTIMELY, ERRONEOUS AND CONFUSING OR INVERTED n.7/ GANG EVIDENCE JURY INSTRU -CTIONS AS WELL AS THE IMPROPER AND PREJUDICIAL CLOSING ARGUMENT OF THE PROSECUTOR FOCUSING ON GANG EVIDENCE AND GANG WARFARE WITH THE "EVELYN STREET BOYS" FOR WHICH NO EVIDENCE WAS INTRODUCED AT TRIAL n.8/**

**FACTS SUPPORTING GROUND THREE:**

Petitioner requests a stay of Federal habeas corpus pro- -ceedings to permit him time to file a new trial motion, have CPCS counsel assigned after screening, obtain a Superior Court decision and file an application to the Supreme Judicial Court Single Just -ice requesting leave to appeal with in 30 days of denial of any new trial motion, to fully exhaust state remedies on Ground Three.

State trial defense Attorney Steven Sack had no strategic reason for failing to object (7:8) to the untimely and erroneous "Theodore Street Posse" gang "Joint venture" instruction (7:7)the day following erroneous admission of the Ground One challenged gang evidence (6:36-64,71,72-74,124). Similarly Attorney Sack had no s -trategic reason for failing to object (15:121-131)to the "Joint venture" "gang called the Theodore Street Posse","Gus Swafford and Ricardo Gittens were members of"instruction(15:82-84).

In addition, Attorney Sack also had no strategic reason for failing to object (15:133)to the "joint enterprise",gang affiliation", "Gus Swafford and Ricardo Gittens were members of a certain group or gang called the Theodore Street Posse" supplemental"state of mind"

---

n.7/ DUNN V. PERRIN,570 F2d 21,24-25 (1st cir 1978);SULLIVAN V.LOUISIANA ,508 U.S. 275,280-282 (1993);EVERETT V.BEARD,290 F3d 500(3rd cir 2002)

n.8/ BLACKMON V.BOOKER,312 F.supp2d 874,888-890(ED Mich 2004);WASHINGTON V. HOFBAUER,228 F3d 689,699-707 (6th cir 2000);UNITED STATES V.MARSHALL, 173 F3d 1312,1315-1318(11th cir 1999);UNITED STATES V.HANDS,184 F3d 132; ,1330-1335(11th cir 1999);UNITED STATES V. SAUZA-MARTINEZ,217 F3d 754, 760-761(9th cir 2000).

instruction that,with respect to the Joint venture"state of mind" Judge McDaniel's told the jury that "The Commonwealth does not have to prove that beyond a reasonable doubt"(15:131-132).

These errors followed Attorney Sack's non-strategic failure to object (15:56)to the prosecutor's focusing on the prejudicial gang evidence during closing arguments (15:43,46,47-49,51-52) doi -ng a gang warfare argument concerning the "Theodore Street Posse" (15:43,46,47-48,52) and the "Evelyn Street Boys"(15:47-48,49,51) when there was no trial evidence regarding a gang known as the Ev -elyn Street Boys,Commonwealth V.Swafford,805NE2d 931,938 n.9, 441 mass 329,337 n.9(2004)and the Supreme Judicial Court mentioned tr -ial counsel's failures to object as the reason for denying petit -ioner's request for reversal of his convictions and a new trial, id.

Finally,in his appellate brief which had twelve unused pages ,Appellate Attorney Dana Curhan had no strategic reason for failing to brief the foregoing Fourteenth Amendment violative prejudicial gang evidence jury instructions,for failing to Federalize the pro -secutor's foundationless,improper and prejudicial gang warfare closing argument, and for failing to brief the Sixth Amendment vi -olative failure to object to gang instructions and gang closing arguments,set out herein.

Had Appellate Attorney Curhan properly briefed Ground Three issues with related Ground One issues, a reasonable probability exists that the result of the State direct appeal or these Federal Habeas Corpus proceedings would have been favorably different. Ineffective assistance of trial and appellate counsel is presented as "cause" to excuse all procedural defaults and decide the subst -antiue merits of Ground Three.

GROUND FOUR: PETITIONER's SIXTH AND FOURTEENTH AMENDMENT RIGHTS WERE VIOLATED BY INEFFECTIVE TRIAL COUNSEL'S NON-STRATEGIC FAIL-URE TO FULLY INVESTIGATE AND PRESENT OTHER SUSPECTED PERPETRAT-OR DEFENSE EVIDENCE n.9/ AND BY INEFFECTIVE APPELLATE COUNSEL'S NON-STRATEGIC FAILURE n.10/ TO BRIEF THE TRIAL JUDGES ERRONEOUS EXCLUSION OF CROSS-EXAMINATION CONCERNING OTHER SUSPECTS n.11/ AND THE POLICE INEPT, BUNGLING OR BIASED AND INADEQUATE INVESTI-GATION n.12/ OF OTHER SUSPECTS.

### FACTS SUPPORTING GROUND FOUR:

Petitioner requests a stay of Federal habeas corpus proceedings to permit him time to file a State new trial motion, have CPCS counsel assigned after screening, obtain a Superior Court decision and file an application to the Supreme Judicial Court Single Justice requesting leave to appeal with in 30 days of denial of any new trial motion, to fully exhaust state remedies on Ground Four.

Prior to and during the beginning of petitioner's trial, defense Attorney Steven Sack totally and completely faild to investigate other suspects and a similar related shooting inci-dent that took place at the same crime scene approximately six weeks prior to shooting death in this case. At trial Attorney Sack failed to properly prepare and present the available other suspected perpetrator defense with the exception of a brief side-bar colloquy in the late part of the trial(5:56-63). Attorney Sack failed to research, prepare and file any motion and memoran-dum of law with respect to the similar recent shooting other

---

n.9/ HENDERSON V. SARGEANT, 926 F2d 706,708-712 (8th cir 1991); JONES V. WOOD, 207 F3d 557,560-564 (9th cir 2000); SANDERS V. RATELLE, 21 F3d 1446,1452-1456(9th cir 1994); COMMONWEALTH V. FARLEY, 432 mass 153,156-159(2000).

n.10/ CLEMMONS V. DELO, 124 F3d 944,948-956(8th cir 1996); MASON V. HANKS, 97 F3d 887,893-902(7th cir 1996); MAPES V. TATE, 388 F3d 187,189-193 (6th cir 2004).

n.11/ COMMONWEALTH V. GRAZIANO, 368 mass 325,330 (1975) UNITED STATES V. STEVENS, 953 F2d 1380,1401-1407(3rd cir 1991); DIBENEDETTO V. HALL, 272 F2d 1,9(1st cir 2001); COMMONWEALTH V. CONKEY, 443 mass 60,66-70(2004).

n.12/ BOWEN V. MAYNARD, 799 F2d 593,613 (10th cir 1986); LINDSAY V. KING, 769 F2d 1034,1042(5th cir 1985) KYLES V. WHITELY, 514 U.S. 419,443 (1995).

suspect defense, and Sack had no strategic reason for the foreg-oing errors of defense counsel. An evidentiary hearing is nec-essary to fully develope the record on Ground Four and a post-trial descovery subpoena for prosecution files on the similar shooting incident is also necessary.

At trial, however when Judge McDaniel cut off all cross-examination at the threshold (5:56)**n.13/**, Attorney Sack made a full offer of proof concerning the excluded evidence being rel-evant and material to the bungling, inept or biased police fai-lure to investigate, and the other suspected perpetrator defense, based on a recent similar related shooting at the present case murder crime scene(5:56-63).

In petitioner's direct appeal, Attorney Dana Curhan only filed a 38 page brief and had 12 more pages remaining within the 50 page limit to file the Ground Four issue of unconstitutionally restricted cross-examination violating the confrontation clause and the right to present a full defense guaranteed by the comp-ulsory process clause of the Sixth Amendment and the Due proc-ess clause of the Fourteenth Amendment of the United States Constitution.

This fully preserved issue(5:56-53) was also obvious in the trial record and stronger than the weaker briefing of other issues Attorney Curhan filed, and could have been presented by Attorney Curhan in a new trial motion raising trial counsel's foregoing failure to investigate.

Had Attorney Curhan raised this issue in his direct appeal

---

n.13/ **ALFORD V.UNITED STATES**, 282 U.S.687,694(1931); **UNITED STATES V.LYNN** 856 F2d 430,431 (1st cir 1988); **COMMONWEALTH V.GRAZIANO**, 368 mass 325,330 (1975); **COMMONWEALTH V.CONKEY**, 443 mass 60,66-70(2004).

brief there is a reasonable likelihood that Petitioner's convi-ction would have been reversed, similar to **COMMONWEALTH V. GRAZIANO**, 368 mass 325,330 (1975) and **COMMONWEALTH V. CONKEY**, 443 mass 60,66-70 (2004).

**GROUND FIVE: PETITIONER'S FUNDAMENTAL FIFTH, SIXTH AND FOURTEENTH AMENDMENT RIGHT TO TESTIFY n.14/ WAS VIOLATED BY INEFFECTIVE TRIAL COUNSEL'S FAILURE TO PREPARE HIM TO TESTIFY n.15/ AND FAILURE TO ADVISE HIM THAT A CRIMINAL DEFENDANT MAKES THE FINAL DECISION ON TESTIFYING n.16/ , OR INTERVIEW AND PREPARE RICARDO GITTENS TO TESTIFY n.16/**

### FACTS SUPPORTING GROUND FIVE:

Petitioner requests a stay of Federal habeas corpus proce-edings to permit him time to file a new trial motion, have CPCS counsel assigned after screening, obtain a Superior Court decision and file an application to the Supreme Judicial Court Single Justice requesting leave to appeal within 30 days of denial of any new trial motion, to fully exhaust State remedies on Ground Five.

Prior to and during trial, assigned defense Attorney Steven Sack never told petitioner that only a criminal defendant had the power to decide whether or not to testify, as required by constitutional decisions and CPCS starndards governing the representation of indig-ent defendants. At trial it was Attorney Sack who made the final decision not to put petitioner on the witness stand without ever preparing the petitioner to testify or to make a knowing, intelligent and voluntary decision on whether or not to testify,

Attorney Sack never went over a long list of direct examination questions with petitioner Swafford or Ricardo Gittens and never role-played a prosecutor doing mock cross-examination of them, which was necessary to prepare them to testify.

Had Attorney Sack put Ricardo Gittens on the witness stand, co-defendant Gittens would have completely exonerated petitioner

---

n.14/ ROCK V.ARKANSAS,483 U.S. 44,97 (1987); UNITED STATES V.BUTTS, 630 F.supp,1145 (D.Me,1986).
n.15/ COMMONWEALTH V.LICATA,412 mass 654,661-662 (1992); UNITED STATES V.FRAPPIER,615 F.Supp.51,53 (D. mass 1986).
n.16/ GALLEGO V.UNITED STATES,174 F3d 1196, 1198-1199 (11th cir 1999); DELUCA V.LORD, 858 F.Supp 1330,1352-1361 (SD NY 1994); CAMPOS V.UNITED, 930 F,Supp 787,792 (ED.NY 1994); COMMONWEALTH V.FREEMAN,29 mass App ct 635,640-643 (1990).
n.16/ COMMONWEALTH V.DELACRUZ,811 NE2d 512,61 mass App ct 455 (2004).

Swafford by testifying to the facts CPCS new counsel is going to detail in the new trial motion affidavit of Ricardo Gittens after he/she interviews him. A Habeas Rule 8 evidentiary hearing is nec-essary to present testimony from Ricardo Gittens, petitioner Swafford and also perhaps from trial counsel.

Had Attorney Sack let petitioner know it was petitioner's dec-ision and properly prepared petitioner, the petitioner would have testified, truthfully denied participating in the crimes he was ch-arged with in this case, made himself subject to cross-examination by the prosecutor and contradicted Commonwealth witnesses.

Petitioner Swafford also would have testified that he was at home with his daughter (Jasmine Smith) and grandmother (Lillie Bryant) at the time of the crime. Had Attorney Sack called Lillie Bryant to the witness stand she would of stated that petitioner was at home with her and great granddaughter at the time of the crime.

C. Ground three: <u>See Attached Ground Three</u>

Supporting FACTS (state *briefly* without citing cases or law) <u>See Attached Facts</u>

D. Ground four: <u>See Attached Ground Four</u>

Supporting FACTS (state *briefly* without citing cases or law) <u>See Attached Facts</u>

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: <u>Ineffective Post-convic -tion appeal counsel and Ineffective trial counsel claims are being filed in a new trial motion now to exhaust state remedies.</u>

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐    No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a) At preliminary hearing <u>Attorney Steven Sack 14 Beacon Street, Boston, MA 02108</u>

(b) At arraignment and plea <u>Attorney Steven Sack 14 Beacon Street Boston, MA 02108</u>

(6)

(c) At trial  Attorney Steven Sack 14 Beacon Street Boston,MA 02108

(d) At sentencing  Attorney Steven Sack 14 Beacon Street Boston,MA 02108

(e) On appeal  Attorney Dana A.Curhan 101 Arch Street(suite#305) Boston,MA 02110

(f) In any post-conviction proceeding

(g) On appeal from any adverse ruling in a post-conviction proceeding

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?
    Yes ☒    No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐    No ☒
    (a) If so, give name and location of court which imposed sentence to be served in the future:

    (b) Give date and length of the above sentence:

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☒    No ☐  Mass.crimi P.Rule 30(b),new trial motion and a stay of Federal Habeas Corpus proceedings is requested.

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

March 7,2005
   (date)

*[signature]*
Signature of Petitioner
Gus Swafford Pro Se

(7)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Gus Swafford

### DEFENDANTS
David Nolan

**05-10597 PBS**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Suffolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Pro Se
P.O. Box 100
S.Walpole, MA 02071

ATTORNEYS (IF KNOWN)
Attorney General Thomas F. Reilly

### II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
[X] 3 Federal Question (U.S. Government Not a Party)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
Citizen of This State: PTF [X] 1  DEF [X] 1

### IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

PRISONER PETITIONS - HABEAS CORPUS:
[X] 530 General

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
[X] 1 Original Proceeding

### VI. CAUSE OF ACTION
28 U.S.C §2254 Habeas Corpus Petition

### VII. REQUESTED IN COMPLAINT:
JURY DEMAND: [X] NO

DATE: March 7, 2005
SIGNATURE OF ATTORNEY OF RECORD: Gus Swafford

APPENDIX C.  CIVIL CATEGORY SHEET

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05-10597 PBS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Gus Swafford V. David Nolan

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.   195, 368, 400, 440, 441-444, 540, 550,    *Also complete AO 120 or AO 121 for
             555, 625, 710, 720, 730, 740, 790, 791,    patent, trademark or copyright cases
             820*, 830*, 840*, 850, 890, 892-894,
             895, 950.

   ___ III.  110, 120, 130, 140, 151, 190, 210, 230,
             240, 245, 290, 310, 315, 320, 330, 340,
             345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   _X_ IV.   220, 422, 423, 430, 460, 510, (530,) 610,
             620, 630, 640, 650, 660, 690, 810,
             861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                              YES ☐    NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403).
                                                              YES ☐    NO ☒

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S.A. PARTY?
                                                              YES ☐    NO ☒

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?
                                                              YES ☐    NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY)?—(SEE LOCAL RULE 40.1(C)).
                                                              YES ☐    NO ☒
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)?—(SEE LOCAL RULE 40.1(D)).
                                                              YES ☐    NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?
                                                              YES ☐    NO ☒
   (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?
              Eastern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL SECTION; YES ☐ NO ☐    OR WESTERN SECTION; YES ☐ NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Gus Swafford Pro Se
ADDRESS   P.O. BOX 100 So. Walpole, MA 02071
TELEPHONE NO. _____

(Categfrm.rev - 3/97)