## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GUS SWAFFORD, ) | |
| Petitioner, ) | |
| ) | **Civil Action No. 05-10597-PBS** |
| v. ) | |
| ) | |
| DAVID NOLAN, ) | |
| Respondent. ) | |

### RESPONDENT'S MOTION TO DISMISS MIXED HABEAS CORPUS PETITION OR PROCEED WITH ONLY THOSE CLAIMS WHICH HE HAS EXHAUSTED

The respondent, David Nolan, hereby moves the Court to dismiss this habeas corpus petition as a "mixed petition," *i.e.*, one containing both exhausted and unexhausted claims, or, in the alternative, order the petitioner to amend his petition to present only those claims which are exhausted. As grounds, the respondent notes that the petitioner has presented a petition that even he acknowledges contains three unexhausted claims. Under the circumstances of this case, granting a stay, as the petitioner has requested, would violate the holding of *Rhines v. Weber*, 544 U.S. ___, 125 S. Ct. 1528 (2005). In addition, if the petition were dismissed, approximately two months would remain on the AEDPA's statute of limitations. *See* 28 U.S.C. § 2244(d)(1), and once he files for relief in state courts, that statute would be tolled. 28 U.S.C. § 2244(d)(2).

### PRIOR PROCEEDINGS

On November 25, 1997, a Suffolk County grand jury returned indictments charging the petitioner with first-degree murder (Mass. Gen. Laws ch. 265, § 1), two counts of armed assault with intent to murder (Mass. Gen. Laws ch. 265, § 15), illegal possession of a firearm (Mass. Gen. Laws ch. 269, § 10), and illegal possession of ammunition (Mass. Gen. Laws ch. 269, § 10). [Supplemental Appendix ("S.A.") 5, 15]. The petitioner was tried before Judge McDaniel and a

2

Suffolk Superior Court jury from November 30, 2001 through December 14, 2001 and convicted of all counts on December 19, 2001. [S.A. 11-13].

Judge McDaniel subsequently sentenced the petitioner to the statutorily-mandated term of life imprisonment without the possibility of parole for the murder conviction, *see* Mass. Gen. Laws ch. 265, § 2, and to consecutive, committed nineteen-to-twenty year terms for the armed assault with intent to murder convictions. [S.A. 13]. Those sentences were to run concurrently with one another, along with a concurrent four and one-half to five year committed state prison term for illegal possession of a firearm. [S.A. 13]. The petitioner's conviction for illegal possession of ammunition was filed with his consent.[1] [S.A. 13].

All Massachusetts first-degree murder convictions are reviewed directly by the Supreme Judicial Court. *See* Mass. Gen. Laws ch. 278, § 33E. That court reviewed, and ultimately affirmed the petitioner's convictions on March 30, 2004. *Commonwealth v. Swafford*, 441 Mass. 329, 805 N.E.2d 931 (2004). The petitioner took no further action until March 18, 2005, when he filed the petition now before this Court.

---

[1] "It has long been the practice in this Commonwealth that a judge, after a plea of guilty or a conviction may order that the conviction be placed on file." *Commonwealth v. Delgado*, 367 Mass. 432, 437-438, 326 N.E.2d 716, 719 (1975). The effect of placing a conviction or guilty plea on file is that no appeal may be taken because the judgment is not complete in a criminal case until a sentence is imposed. *Id.*

3

## ARGUMENT

THIS COURT SHOULD DISMISS THE PETITION BECAUSE IT IS MIXED AND BECAUSE THE PETITIONER HAS NOT SHOWN GOOD CAUSE TO WARRANT A STAY-AND-ABEYANCE.

"AEDPA, which became effective on April 24, 1996, fixes a one-year limitations period for federal habeas petitions filed by state prisoners." *David v. Hall*, 318 F.3d 343, 344 (1st Cir.), *cert. denied*, ___ U.S. ___, 124 S. Ct. 66 (2003). In the absence of a statutory exception,[2] "AEDPA's one-year limit runs from the time that the state court judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking it." *Id.* at 344 (citing 28 U.S.C. § 2244(d)(1)(A)). Excludable periods include "'[t]he time during which a properly filed application for State post-conviction or other collateral review is pending. . . .'" *Id.* (quoting 28 U.S.C. § 2244(d)(2)) (alterations in original).

"Fourteen years before Congress enacted AEDPA, [the Supreme Court] held in *Rose v. Lundy*, 455 U.S. 509 (1982), that federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." *Rhines v. Weber*, 544 U.S. ___, 125 S. Ct. 1528, 1532-1533 (2005). Thus, the Court imposed a "total exhaustion" requirement "and directed federal courts to effectuate that requirement by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to present the unexhausted claims to that court in the first instance." *Id.* at 1533 (citing Rose, 455 U.S. at 522).

"As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk

---

[2] These exceptions exist in cases where the government impedes relief, the Supreme Court creates new constitutional rights, or newly discovered facts raise doubts about the conviction. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

4

of forever losing their opportunity to any federal review of their unexhausted claims.  If a petitioner files a timely but mixed petitioner in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review." *Id.* at 1533.  "In an attempt to solve the problem, some district courts have adopted" a "stay-and-abeyance procedure." *Id.* at 1534.  "Under this procedure, rather than dismiss the mixed petition pursuant to *Lundy*, a district court might stay the  petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." *Id.* at 1535.

The petitioner asks this Court to issue a stay-and-abeyance so that he may return to state court to exhaust three of his five claims. Habe Pet. ¶ 17(c); Pet. Mem. Grounds 3-5.  However, as the Supreme Court has recently held, "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings.  It also undermines AEDPA's goals of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines*, 125 S. Ct. at 1534.  Thus, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 1535.

In this case, each of these claims involves allegations of ineffective assistance of trial counsel, appellate counsel, or both.[3]  The petitioner has failed to give any indication whatsoever as to why there is good cause to stay these proceedings and is conspicuously silent as to why he

---

[3] In Ground Four, the petitioner makes a veiled reference to the trial court's purported restriction of his cross-examination of an unnamed witness or witnesses. *See* Pet. Mem. Ground 4.

5

failed to exhaust these claims previously. Thus, his claims of ineffective assistance against his trial counsel have been available to him at least since he was convicted in December, 2001. Similarly, his claims against his appellate counsel have been available to him at least since the SJC affirmed his convictions in March, 2004.[4] Under these circumstances, there is no good cause to stay this petition, and doing so would constitute an abuse of this Court's discretion. *See Rhines*, 125 S. Ct. at 1535.

Since the AEDPA's total exhaustion requirement prevents this Court from acting on the petition in its current form, 28 U.S.C. § 2254(b)(1)(A); *Lundy*, 455 U.S. at 518-519; *Rhines*, 125 S. Ct. at 1532-1533, the petition should be dismissed so that the petitioner may return to state court to exhaust his remaining claims. Because the petitioner's convictions did not become "final" for purposes of the AEDPA until June 28, 2005, *i.e.* ninety days after the SJC affirmed his convictions, 28 U.S.C. § 2244(d)(1)(A), and because "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" tolls the limitations period, the petitioner has approximately two months to return to state court without running the risk that he will be barred from returning to this Court for relief.

In the alternative, the Court should order the petitioner to amend the petition to present only the exhausted claims. *See Nowaczyk v. Warden*, 299 F.3d 69, 76 (1st Cir. 2002) ("*Rose* held that a state prisoner who has both exhausted and unexhausted claims can obtain prompt federal review of the exhausted claims if he filed a mixed petition and then amends it to remove the

---

[4] It bears noting that the Supreme Judicial Court considered the "whole case" when it reviewed the petitioner's convictions. *See* Mass. Gen. Laws ch. 278, § 33E.

6

unexhausted claims.").

## CONCLUSION

For the foregoing reasons, this Court should dismiss the mixed habeas corpus petition or, in the alternative, order the petitioner to amend his petition so that it presents only those claims which he has exhausted.

Respectfully submitted,

THOMAS F. REILLY
Attorney General


/s/ Daniel I. Smulow
Daniel I. Smulow, BBO # 641668
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2949

Dated: April 28, 2005

### Certificate of Compliance with Local Rule 7.1(A)(2)

I am unable to consult with the petitioner because he is presently incarcerated.

/s/ Daniel I. Smulow

### Certificate of Service

I hereby certify that a true copy of the above document was served on Gus Swafford, W-70302, M.C.I. - Cedar Junction, P.O. Box 100, South Walpole, MA 02071, by first class mail, postage prepaid, on April 28, 2005.

/s/ Daniel I. Smulow